OPINION OF THE COURT
Robert C. Williams, J.
Defendants move to dismiss the second and third causes of action asserted in the complaint.
Upon oral argument of this motion, the court dismissed the third cause of action which was a derivative cause of action on behalf of plaintiff Cathy Hamel.
Plaintiff Robert J. Hamel, a tenant on the premises of defendant Margaret Thouin Schmidt, fell through the railing of the second floor balcony while leaning over the railing to paint its outside portion. It is alleged that plaintiff’s fall was caused when the railing collapsed thereby propelling plaintiff to the ground two floors below. As a result of the fall, plaintiff sustained various injuries for which recovery is sought herein.
The first cause of action, which is not the subject of the instant application, is postured in negligence. The second cause of action, the dismissal of which is sought by movants, seeks to impose strict tort liability upon the defendants pursuant to section 235-b of the Real Property Law.
*316 The motion to dismiss shall be granted. Section 235-b of the Real Property Law does not impose strict tort liability upon a landlord for injuries suffered by a tenant on the rented premises. Rather, that section was intended to provide tenants with “a direct and expeditious method of enforcing their right to housing accommodations that meet at least minimum standards of acceptability”. (Governor’s Memorandum of Approval, McKinney’s Session Laws of N. Y., 1975, pp 1760-1761.)
Section 235-b of the Real Property Law was not intended to permit recovery for injuries without proof of negligence or knowledge, either actual or constructive, of the defective condition.
Accordingly, the relief sought is granted.