OPINION OF THE COURT
Ira Gammerman, J.
In this motion plaintiffs seek a judgment declaring that they are entitled to maintain private telephones in their apartments. Plaintiffs also seek summary judgment on the issue of liability on their causes of action based on a breach of the warranty of habitability, overcharge and violation of their right to privacy. The numerous named plaintiffs are tenants in a class A residential hotel located at 50 West 72nd Street, New York City. By the terms of the leases plaintiffs entered into with defendant, Ruxton Associates, they agreed that they would not “install any private telephone in the demised premises without the prior written consent of the landlord.” The landlord provides a switchboard system which the plaintiffs maintain is inefficient, antiquated and overburdened with resultant breakdowns leaving the tenants without contact with the outside world. The tenants maintain that this situation creates a danger to their health and safety.
*575 Defendant argues that a declaratory judgment is not appropriate here since all the possible parties whose rights may be affected have not been joined. Defendant confuses this matter with a class action. Whatever rights are determined here affect only the named parties. Defendant also asserts that there are numerous factual disputes which preclude summary judgment, primarily in the area of the relative efficiency of the switchboard system. Those factual disputes, however, are irrelevant to the issue of whether or not defendant can unreasonably withhold its consent to the installation of private telephones. Does defendant have absolute and unlimited discretion to refuse consent or must some rational basis be presented for that refusal?
It is the view of this court that defendant must offer some rational basis for this refusal. In a case recently decided by the Appellate Term, First Department, Nina Equities Corp. v Wardhaw (NYLJ, April 20, 1982, p 7, col 1), a lease between the parties gave to the landlord the right to rescind permission to harbor a pet “if the landlord, in its sole discretion, is of the opinion that the behavior of said animal is not in conformity with the practice of the building or that the continued presence of said animal in the building is detrimental to the building or its Tenants.” (Emphasis added.)
The Appellate Term in reversing the trial court’s judgment in favor of the landlord, held that in spite of the lease provision giving the sole discretion to the landlord, the landlord had to have a rational basis for its action. Similarly the permission of a landlord to install a telephone may not irrationally or unreasonably be withheld. Defendant here has offered no explanation at all, irrational or otherwise to support its refusal of permission. The motion for summary judgment declaring that plaintiffs are entitled to maintain private telephones in their apartments is, therefore, granted.
With respect to the second cause of action relating to the breach of warranty of habitability the motion is denied. The scope of damages which are recoverable by a tenant under the statutory warranty of habitability (Real Property Law, § 235-b) has been considerably narrowed by recent cases. Initially, the Court of Appeals in Park West *576 Mgt. Corp. v Mitchell (47 NY2d 316), indicated that remedies other than diminution in value might be appropriate in breach of warranty of habitability cases. The court equated a lease to a purchase of shelter and service suggesting that “the law of sales with its implied warranty of fitness (Uniform Commercial Code, § 2-314)” (supra, p 324) provided a more suitable analogy than the outdated law of property in determining landlord-tenant obligations. Following Park West Mgt. Corp., there was a series of cases which permitted consequential damages to tenants based solely on a breach of the warranty by the landlord. In other words there was a breach of warranty of habitability and the landlord was “strictly liable” for the consequential damages arising out of the breach. (See McBride v 218 E. 70th St. Assoc., 102 Misc 2d 279, flood damage caused by inadequate drainage of city sewers; Kaplan v Coulston, 85 Misc 2d 745, falling kitchen cabinet causing personal injuries.)
However, the notion of strict liability in a breach of warranty of habitability situation proved to be short-lived. The Appellate Division in Curry v New York City Housing Auth. (77 AD2d 534) held that section 235-b of the Real Property Law did not “extend the doctrine of strict liability to landlords with regard to wrongs that had traditionally been an area of tort liability” (p 536). The Appellate Term concluded (it is submitted erroneously) that Curry limited damages for a breach of warranty of habitability to a rent abatement. Thus, in N Town Roosevelt Assoc. v Muller (NYLJ, Oct. 27, 1980, p 6, col 4), the court denied an award of damages for property loss arising out of a breach of the warranty of habitability and in Villa Victoria Realty Co. v Glass (NYLJ, July 1, 1981, p 10, col 6), denied reimbursement for structural repair and restoration of the premises.
As indicated above, this court is not in agreement with the Appellate Term decisions cited above. These decisions, however, represent the highest appellate authority relating to the nature of damages that are recoverable for a breach of warranty of habitability. In the face of that authority it would be inappropriate to grant summary judgment in an action seeking consequential damages for a breach of the warranty of habitability even were there no *577 factual disputes between the parties. The motion for summary judgment on the cause of action based on a breach of the warranty of habitability is, therefore, denied. The motion for summary judgment on the causes of action for overcharge and violation of the right of privacy is similarly denied. There appears to this court to be issues of fact raised with respect to the overcharge and right of privacy causes of action.
Moreover, defendant is entitled to discovery and its cross motion is granted to the extent of directing plaintiffs to submit answers to the interrogatories dated October 26, 1981.