*69 OPINION OF THE COURT
Peter B. Skelos, J.
In this summary holdover proceeding brought pursuant to RPAPL 711 (1) petitioner seeks to recover possession of the second floor apartment of a two-family residence located in Floral Park, New York. There is no claim for unpaid rent. Respondents have interposed three counterclaims which allege damages for retaliatory eviction, damages for failure to provide electricity, hot water or heat and further that the landlord has violated unidentified provisions of the local codes. Petitioner now moves pursuant to CPLR 404 and 3211 (a) (3) and (7) for an order dismissing the counterclaims, or in the alternative, for an order severing those counterclaims not dismissed pursuant to CPLR 407, and for disclosure pursuant to CPLR 408. In addition, petitioner requests that the respondent Creagh’s name be corrected to read Cynthia Diane Creagh.
In the first counterclaim respondents allege that the summary proceeding constitutes a retaliatory eviction commenced in response to the personal injury action filed by Charles Kaplan, respondent herein, against Al Weil, his landlord and petitioner herein. It is alleged that Charles Kaplan was injured at the subject premises on August 18, 1995 and that he commenced a personal injury action against Al Weil on October 31, 1995. On November 21, 1995, Weil served Kaplan and Creagh with a 30-day notice terminating the tenancy pursuant to Real Property Law § 232-b. This summary holdover proceeding was commenced on January 9, 1996. Upon these facts respondents seek damages for a retaliatory eviction.
Initially, the court notes that the practical effect and often the very reason behind a landlord’s use of a month-to-month tenancy without a lease is that he is "absolutely free to terminate the tenancy, for any reason, upon the proper notice”. (Pezzolanella v Galloway, 132 Misc 2d 429, 433.) The court will not interfere with that right absent some clear legislative or judicial authority.
Summary proceedings were not known at common law. They are statutory creations (L 1820, ch 194) designed to enable landlords to recover possession of real property without suffering the tedious and expensive action in ejectment. Similarly, at common law there was no defense or right of action for retaliatory eviction. However, the courts of this State have long recognized "that the common law * * * is not an anachronism, but is a living law which responds to the surging reality of *70 changed conditions”. (Gallagher v St. Raymond’s R. C. Church, 21 NY2d 554, 558.) In response to the rising demand for residential rental units and the need to preserve the integrity of their dwindling supply, as well as the welfare, health and safety of the tenants, the cities and other local municipalities enacted stricter building and housing code regulations and the State established a statutory warranty of habitability (Real Property Law § 235-b). Thereafter, it became apparent that the landlords were attempting to circumvent the housing codes by evicting tenants who reported code violations to the authorities. Accordingly, the courts recognized the defense of retaliatory eviction in summary proceedings as a matter of public policy to encourage tenants to report housing code violations without fear of being evicted. (See, Markese v Cooper, 70 Misc 2d 478; Church v Allen Meadows Apts., 69 Misc 2d 254; Portnoy v Hill, 57 Misc 2d 1097.) However, this court’s research has not uncovered any judicial authority supporting a defense or cause of action for retaliatory eviction based upon a landlord’s commencement of a summary proceeding following the filing of a personal injury action by the tenant against the landlord. The only authority on point is to the contrary. (See, Pezzolanella v Galloway, supra.)
The statutory cause of action for retaliatory eviction (Real Property Law § 223-b) is limited to "all rental residential premises except owner-occupied dwellings with less than four units”. (Real Property Law § 223-b [6].) The subject premises is a two-family, owner-occupied residence. Therefore, respondents have no statutory cause of action for retaliatory eviction.
Moreover, the statutory cause of action for retaliatory eviction arises only from certain specifically identified retaliatory behavior. (Real Property Law § 223-b [1] [a]-[c].) Clearly, the legislative creation of this cause of action was meant to codify and give a greater weight to the judicially recognized affirmative defense of retaliatory eviction. The Legislature and the Governor were apparently concerned that the local governments required further assistance from the tenants to uncover housing code violations. (See, Governor’s Mem, 1979 McKinney’s Session Laws of NY, at 1828; see also, Reeves v Steen, 117 Mise 2d 847, 850.) The cause of action for retaliatory eviction was designed as the vehicle to encourage tenants to report health, safety and housing code violations and to assert their rights under the statutory warranty of habitability (Real Property Law § 235-b) without fear of retribution by the landlords. (See, 3 Rasch, New York Landlord and Tenant — Summary Proceedings § 43.34, at 134 [3d ed].)
*71 This court must strictly construe a statute which creates a new cause of action or which increases common-law liabilities. (See, McKinney’s Cons Laws of NY, Book 1, Statutes § 301.) There is no hint either in the decisions that Real Property Law § 233-b was designed to codify, or the legislative history of that section, from which the court may infer that a cause of action for retaliatory eviction may rest on the commencement of a summary proceeding following the filing of a personal injury action against the landlord. Petitioner’s motion pursuant to CPLR 404 to dismiss the first counterclaim is granted.
The second counterclaim for money damages is unrelated to petitioner’s claim for possession in this holdover proceeding and the trial thereof may very well inordinately delay the disposition of the summary proceeding. (See, YMCA of Greater N. Y. v Brandt, 120 Misc 2d 576, 581.) The motion to dismiss the second counterclaim is denied and the motion to sever is granted. The parties may have such discovery as they deem necessary and as is authorized by CPLR article 31 with respect to the second counterclaim.
The respondents have no standing to charge petitioner with violations of the municipal codes, except to the extent that damages may be alleged as a counterclaim or setoff. No such damages are alleged. In addition, the third counterclaim fails to set forth any specific code violations. The third counterclaim is dismissed pursuant to CPLR 3211 (a) (3) and (7).
The motion to change the name of the respondent Creagh is granted without opposition.
Petitioner’s application for attorney’s fees is denied.
It is hereby ordered that the first and third counterclaims are dismissed with prejudice. It is further ordered that the second counterclaim is severed from the summary proceeding. It is further ordered that the respondent Creagh’s name is changed to read: "Cynthia Diane Creagh”.