■ KEITH SILLS, Appellant, v PATRICK DELLAVALLE, Respondent. [780 NYS2d 193]—

Peters, J. Appeal from those parts of an amended order of the County Court of Essex County (Halloran, J.), entered July 24, 2003, which, on appeal from an order of the Town Court of the Town of North Elba, denied plaintiff certain damages and other relief.

Plaintiff was defendant's tenant from November 1994 through October 2001. During such time, plaintiff commenced numerous actions against him in Town Court stemming from their landlord-tenant relationship. By letter dated October 1, 2001, plaintiff was informed by defendant that his tenancy was to cease and that he was to vacate the premises "on or before October 31, 2001." As a result, plaintiff commenced an action against defendant in Town Court claiming wrongful eviction; he sought treble damages as well as the costs and expenses he incurred when attempting to collect on a previous judgment. After Town Court dismissed the claim and County Court remanded it for trial, it was again dismissed by Town Court. County Court, on appeal, vacated that order, found a wrongful eviction and directed a judgment in plaintiff's favor; all other requests were denied. Plaintiff appeals.[1]

Plaintiff raises numerous issues which were not properly raised before County Court. We limit our focus to the claim of wrongful eviction and its aftereffects. Working from a sparse record, we glean that plaintiff was a month-to-month tenant, with a rental term beginning on the first day of the month and

1. Plaintiff's motion seeking reimbursement for costs was denied by this Court by decision dated April 7, 2004.

ending on the last day thereof. Pursuant to Real Property Law § 232-b, he was entitled to one month's notice of eviction such that the surrender of possession date "coincide with the expiration of the term or rental period" (*Hunt v Hart,* 188 Misc 534, 534 [1947]; *see Ferro v Lawrence,* 195 Misc 2d 529, 530 [2002]; *see also Mulford v Borg-Warner Acceptance Corp.,* 115 AD2d 163, 165 [1985]). Plaintiff received notice dated October 1, 2001 seeking his departure *on or before October 31, 2001.* Thus, County Court properly determined that plaintiff was wrongfully evicted. We also find its determination that there was no viable claim for retaliatory eviction[2] (*see* Real Property Law § 223-b) to be proper since, by the terms of the statute, such claim cannot be interposed against an "owner-occupied dwelling[ ] with less than four units" (Real Property Law § 223-b [6]; *see Weil v Kaplan,* 168 Misc 2d 68, 69-71 [1996], *affd* 175 Misc 2d 482 [1997]).

Nor do we find that treble damages should have been awarded pursuant to RPAPL 853. The record reflects that defendant attempted to give plaintiff proper notice, that there was no malice involved in his attempt to recover possession and that there was a reasonable basis underlying defendant's desire to have plaintiff vacate the premises. Finding no abuse of discretion, the denial of treble damages (*see Lyke v Anderson,* 147 AD2d 18, 26-27 [1989]; *see generally O'Hara v Bishop,* 256 AD2d 983 [1998]) and punitive damages (*see Spiegel v Goodman,* 204 AD2d 430, 431 [1994], *lv denied* 84 NY2d 806 [1994], *cert denied* 514 US 1109 [1995]; *Bianchi v Hood,* 128 AD2d 1007, 1008 [1987]) was proper.

Cardona, P.J., Crew III, Mugglin and Rose, JJ., concur. Ordered that the amended order is affirmed, without costs.

---

2. This claim was premised upon the parties' extensive litigation history before Town Court.