Anthi New Neocronon Corp. v Coalition of Landlords (2021 NY Slip Op
51067(U))

[*1]

Anthi New Neocronon Corp. v Coalition of Landlords

2021 NY Slip Op 51067(U) [73 Misc 3d 136(A)]

Decided on November 4, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 4, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELIZABETH H. EMERSON, J.P., TIMOTHY S. DRISCOLL, HELEN
VOUTSINAS, JJ

2020-626 S C

Anthi New Neocronon Corp., Respondent,
against
Coalition of Landlords, Homeowners and Merchants, Inc., Appellant.

The Coalition of Landlords Homeowners & Merchants (Judith N. Berger of counsel), for
appellant.
Glass & Glass Attorney at Law (Gerard J. Glass of counsel), for respondent.

Appeals from (1) an order of the District Court of Suffolk County, Second District (C.
Stephen Hackeling, J.), dated May 15, 2020 and (2) an order of that court (op 68 Misc 3d 813
[2020]) dated June 30, 2020, deemed from a final judgment entered September 9, 2020 (see
CPLR 5501 [c]). The order dated May 15, 2020, insofar as appealed from, denied tenant's motion
to dismiss the petition in a commercial holdover summary proceeding. The final judgment,
entered pursuant to so much of the order dated June 30, 2020, as, upon renewal, granted
landlord's cross motion for summary judgment, awarded landlord possession.

ORDERED that, on the court's own motion, the appeals are consolidated for purposes of
disposition; and it is further, 
ORDERED the appeal from so much of the order dated May 15, 2020 as denied tenant's
motion to dismiss the petition is dismissed, as the right of direct appeal therefrom terminated
with the entry of the final judgment (see Matter of Aho, 39 NY2d 241, 248 [1976]); and
it is further,
ORDERED that the final judgment is reversed, without costs, so much of the order dated
May 15, 2020 as denied tenant's motion to dismiss the petition and so much of the order dated
June 30, 2020 as, upon renewal, granted landlord's cross motion for summary judgment are
vacated, tenant's motion to dismiss the petition is granted and, upon renewal, landlord's cross
motion for summary judgment is denied as moot.
In this commercial holdover proceeding, the petition alleged that the rent was "payable on
the 1st day of each month" and that the tenancy was month-to-month and had been terminated as
of June 19, 2019 pursuant to a 90-day "notice to quit" (in effect, a notice of termination). Tenant
moved to dismiss the petition alleging, among other things, that a 2002 rider purportedly
extending the lease through 2054 prevented termination and therefore the tenancy was not
month-to-month, and that the notice was ineffective. Landlord cross-moved for summary
judgment. In an order dated May 15, 2020, the District Court denied both motions. Tenant
appeals from so much of the order as denied its motion to dismiss the petition. 
After landlord commenced this proceeding, tenant commenced a declaratory judgment action
in Supreme Court, Suffolk County, seeking, among other things, a declaration that the 2002 lease
rider was enforceable. In an order dated May 12, 2020, the Supreme Court, among other things,
granted landlord's motion to dismiss the action, finding that the 2002 rider was unenforceable as
a matter of law. Subsequently, landlord moved in the District Court for leave to renew its cross
motion for summary judgment. By order dated June 30, 2020, based upon the May 12, 2020
Supreme Court order, the District Court, upon renewal, granted landlord's cross motion. A final
judgment was entered on September 9, 2020, awarding landlord possession. 
Contrary to tenant's contention, the Supreme Court's order precludes any defense based upon
the 2002 rider in this proceeding (see Ryan v New York Tel. Co., 62 NY2d 494, 500-501
[1984]; Gramatan Home Invs. Corp. v Lopez, 46 NY2d 481, 485 [1979]). Consequently,
as landlord argues, this was a month-to-month tenancy.
However, tenant correctly argues that the predicate notice was invalid. Real Property Law
§ 232-b provides that a month-to-month tenancy outside the City of New York may be
terminated upon a landlord notifying the tenant at least one month before the expiration of the
term of such election to terminate. In order for such notice to effectively terminate the tenancy,
the notice "must terminate the tenancy at the expiration of the rental month" (Avalonbay Communities, Inc. v Betts,
4 Misc 3d 133[A], 2004 NY Slip Op 50750[U], *1 [App Term, 2d Dept, 9th & 10th
Jud Dists 2004]; see Sills v
Dellavalle, 9 AD3d 561 [2004]; Best v Buday, 15 Misc 3d 139[A], 2007 NY Slip Op 50987[U]
[App Term, 2d Dept, 9th & 10th Jud Dists 2007]). It was undisputed that the tenancy period
began on the first day of each month and that the termination notice purported to terminate the
tenancy as of June 19, 2019, as opposed to June 30, 2019, the date the rental month expired. The
notice was therefore defective (see Best, 2007 NY Slip Op 50987[U]; Avalonbay
Communities, Inc., 2004 NY Slip Op 50750[U]), requiring the dismissal of the petition.

We reach no other issue.
Accordingly, the final judgment is reversed, so much of the order dated May 15, 2020 as
denied tenant's motion to dismiss the petition and so much of the order dated June 30, 2020 as,
upon renewal, granted landlord's cross motion for summary judgment are vacated, tenant's
motion to dismiss the petition is granted and, upon renewal, landlord's cross motion for summary
judgment is denied as moot. 
EMERSON, J.P., DRISCOLL and VOUTSINAS, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 4, 2021