Psychology After Acc., P.C. v New York Cent. Mut. Fire Ins. Co. (2021 NY Slip Op
51072(U))

[*1]

Psychology After Acc., P.C. v New York Cent. Mut. Fire Ins.
Co.

2021 NY Slip Op 51072(U) [73 Misc 3d 136(A)]

Decided on November 12, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 12, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : DAVID ELLIOT, J.P., MICHELLE WESTON, DONNA-MARIE E. GOLIA,
JJ

2019-1549 K C

Psychology After Accident, P.C., as
Assignee of Jean Roosevelt and Villa Jackson, Respondent,
against
New York Central Mutual Fire Insurance Company, Appellant.

Nightingale Law, P.C. (Michael S. Nightingale of counsel), for appellant.
Zara Javakov, P.C. (Zara Javakov of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Rachel
Freier, J.), dated July 11, 2019. The order, insofar as appealed from and as limited by the brief,
denied defendant's motion for summary judgment dismissing the complaint.

ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and
defendant's motion for summary judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved
for summary judgment dismissing the complaint on the ground that plaintiff's assignors had
failed to appear for duly scheduled independent medical examinations (IMEs), and plaintiff
cross-moved for summary judgment. By order dated July 11, 2019, the Civil Court denied the
motion and cross motion, but found, in effect pursuant to CPLR 3212 (g), that the only issue
remaining for trial was plaintiff's assignors' failure to appear for the IMEs. As limited by its brief,
defendant appeals from so much of the order as denied its motion.
The proof submitted by defendant was sufficient to demonstrate that plaintiff's assignors had
failed to appear for the IMEs (see
Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2006];
cf. Satya Drug Corp. v Global Liberty Ins. Co. of NY, 65 Misc 3d [*2]127[A], 2019 NY Slip Op 51505[U] [App Term, 1st Dept 2019]),
which showing plaintiff failed to rebut. In view of the foregoing, and as plaintiff has not
challenged the Civil Court's finding, in effect, that defendant is otherwise entitled to judgment,
the order, insofar as appealed from, is reversed and defendant's motion for summary judgment
dismissing the complaint is granted.
ELLIOT, J.P., WESTON and GOLIA, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 12, 2021