Coalition of Landlords, Homeowners, & Merchants, Inc. v Glass (2025 NY Slip Op 05937)

Coalition of Landlords, Homeowners, & Merchants, Inc. v Glass

2025 NY Slip Op 05937

Decided on October 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2022-03383
 (Index No. 617669/20)

[*1]Coalition of Landlords, Homeowners, and Merchants, Inc., et al., appellants, 
v
Gerard Glass, etc., et al., respondents.

Judith N. Berger, Lindenhurst, NY, for appellants.
Traub Lieberman Straus & Shrewsberry LLP, Hawthorne, NY (Lisa L. Shrewsberry of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for fraud and violation of Judiciary Law § 487, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated April 4, 2022. The order denied the plaintiffs' motion for leave to reargue and renew their opposition to the defendants' prior motion pursuant to CPLR 3211(a) to dismiss the amended complaint, which had been granted in an order of the same court dated December 18, 2021.
ORDERED that the appeal from so much of the order dated April 4, 2022, as denied that branch of the plaintiffs' motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument (see U.S. Bank N.A. v Zaccagnino, 214 AD3d 754, 756-757); and it is further,
ORDERED that the order dated April 4, 2022, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The plaintiffs commenced this action against the defendants, alleging, inter alia, that the defendants knowingly submitted a fraudulent lease agreement to the District Court, Suffolk County, in connection with a holdover proceeding (see Anthi New Neocronon Corp. v Coalition of Landlords, 73 Misc 3d 136[A], 2021 NY Slip Op 51067[U] [App Term, 2d Dept, 9th & 10th Jud Dists]) and to the Supreme Court, Suffolk County, in connection with a plenary action commenced by the plaintiffs seeking, among other things, a judgment declaring their rights pursuant to a purported purchase agreement for the building where they rented their offices (see Coalition of Landlords, Homeowners & Merchants, Inc. v S. & A. Neocronon, Inc., 224 AD3d 658). The defendants moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the amended complaint. In an order dated December 18, 2021, the Supreme Court granted the defendants' motion. Subsequently, the plaintiffs moved for leave to reargue and renew their opposition to the defendants' prior motion. In an order dated April 4, 2022, the court denied the plaintiffs' motion. The plaintiffs appeal.
A motion pursuant to CPLR 2221(e) for leave to renew "shall be based on new facts not offered on the prior motion that would change the prior determination" and "shall contain reasonable justification for the failure to present such facts on the prior motion" (id. § 2221[e][2], [3]; see Goshen Mtge., LLC v Rokowetz, 221 AD3d 588). Here, the plaintiffs failed to offer new facts that would have changed the Supreme Court's prior determination. Accordingly, the court properly denied that branch of the plaintiffs' motion which was for leave to renew their opposition to the defendants' prior motion (see Green v Hyacinth Green Irrevocable Living Trust, 240 AD3d 485; U.S. Bank Trust N.A. v Gordon, 236 AD3d 705, 707).
DUFFY, J.P., MILLER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court