Coalition of Landlords, Homeowners, & Merchants, Inc. v Glass (2025 NY Slip Op 05936)

Coalition of Landlords, Homeowners, & Merchants, Inc. v Glass

2025 NY Slip Op 05936

Decided on October 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2022-00405
 (Index No. 617669/20)

[*1]Coalition of Landlords, Homeowners, and Merchants, Inc., et al., appellants, 
v
Gerard Glass, etc., et al., respondents.

Judith N. Berger, Lindenhurst, NY, for appellants.
Traub Lieberman Straus & Shrewsberry LLP, Hawthorne, NY (Lisa L. Shrewsberry of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for fraud and violation of Judiciary Law § 487, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated December 18, 2021. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the amended complaint.
ORDERED that the order is affirmed, with costs.
The plaintiffs commenced this action against the defendants, attorneys for the plaintiffs' former landlord, alleging, among other things, that the defendants knowingly submitted a fraudulent 2010 lease agreement (hereinafter the 2010 lease) to the District Court, Suffolk County, in connection with a holdover proceeding (see Anthi New Neocronon Corp. v Coalition of Landlords, 73 Misc 3d 136[A], 2021 NY Slip Op 51067[U] [App Term, 2d Dept, 9th & 10th Jud Dists]) and to the Supreme Court, Suffolk County, in connection with a plenary action commenced by the plaintiffs seeking, inter alia, a judgment declaring their rights pursuant to a purported purchase agreement for the building where they rented their offices (see Coalition of Landlords, Homeowners & Merchants, Inc. v S. & A. Neocronon, Inc., 224 AD3d 658). The defendants moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the amended complaint. The plaintiffs opposed. In an order dated December 18, 2021, the Supreme Court granted the motion. The plaintiffs appeal.
"'A motion to dismiss a complaint pursuant to CPLR 3211(a)(1) may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the claims as a matter of law'" (Churong Liu v Gabbay, 219 AD3d 459, 460, quoting Marinelli v Sullivan Papain Block McGrath & Cannavo, P.C., 205 AD3d 714, 715; see Delric Constr. Co., Inc. v New York City Sch. Constr. Auth., 204 AD3d 750, 751).
"On a motion to dismiss pursuant to CPLR 3211(a)(7), the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory" (Gruber v Donaldsons, Inc., 201 AD3d 887, 888 [internal quotation marks omitted]; see Clevenger v Yuzek, 222 AD3d 931, 934). "Dismissal of the complaint is [*2]warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 142; see Umoh v Zunz, 238 AD3d 802).
"Under Judiciary Law § 487(1), an attorney who '[i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party' is liable to the injured party for treble damages" (Altman v DiPreta, 204 AD3d 965, 968; see Mohammad v Rehman, 236 AD3d 892, 894). "Relief pursuant to Judiciary Law § 487 is not lightly given, and requires a showing of egregious conduct or a chronic and extreme pattern of behavior on the part of the defendant attorneys" (Kaufman v Moritt Hock & Hamroff, LLP, 192 AD3d 1092, 1093 [citation and internal quotation marks omitted]). Here, the plaintiffs failed to allege that the defendants engaged in egregious conduct or a chronic and extreme pattern of behavior.
The elements of a cause of action alleging fraud are "a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages" (Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559; see Katsorhis v 718 W. Beech St, LLC, 234 AD3d 744, 748). "A claim rooted in fraud must be pleaded with the requisite particularity under CPLR 3016(b)" (Clevenger v Yuzek, 222 AD3d at 935 [internal quotation marks omitted]). The Supreme Court properly directed dismissal of the cause of action alleging fraud, as the plaintiffs failed to adequately allege, with any specificity, the purported basis for the defendants' knowledge that the 2010 lease had not been agreed to by the plaintiffs or was otherwise fraudulent.
The plaintiffs' remaining contentions are without merit.
Accordingly, the Supreme Court properly granted the defendants' motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the amended complaint.
DUFFY, J.P., MILLER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court