Brown-Reid v Jucida (2026 NY Slip Op 50399(U))

[*1]

Brown-Reid v Jucida

2026 NY Slip Op 50399(U)

Decided on March 23, 2026

Civil Court Of The City Of New York, Kings County

Eze, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 23, 2026
Civil Court of the City of New York, Kings County

Shawnette Brown-Reid, Claimant(s),

againstRima Lindsey Ann Jucida; HORACE HENRY, Defendant(s), CARLOS BILLINGY; CARLOS BILLINGY, 3rd Party Defendant(s).

Index No. SC-001290-25/KI

Chidi A. Eze, J.

This case comes up for trial in the Small Claims Part of the Civil Court of the City of New York, County of Kings, this 19th Day of March 2026. The parties appeared pro se.
BACKGROUND
Plaintiffs (husband and wife) bring this case to recover unpaid rent from out of possession joint tenants, who are also husband and wife. The property address is 1898 East 51st Street, 2nd Floor, Brooklyn NY 11234. This is a two-family owner-occupied residential house, wherein plaintiffs-owners occupy the First-floor apartment. This was a month-to-month tenancy agreement. The written lease offered in evidence commenced March 28, 2022, and expired March 31, 2023. No updated lease was offered by any side.
Plaintiff testified, without dispute or challenge from defendants, that defendants owe back rent from January 1, 2025, to April 1, 2025, at the rate of $2,500 per month, per expired lease, making the alleged debt $10,000. Defendants counter that they stopped paying their rent, having lived there since 2022, because; 1) the place had mold; and 2) plaintiff subjected them to harassment, specifically banging loudly on their door at odd hours and shouting 'I want my rent", etc.
Defendants testified, with credible evidence, that on or about January 10 2025, they filed a HPD case against the plaintiffs, by way of Order to Show Cause ("OSC"), for a finding of harassment and a restraining order, in housing court, bearing index number LT-000087-25/KI, which OSC was served upon the plaintiff the same day. That upon receiving service of the OSC, plaintiffs served them with a 90-day Notice of Termination, on January 15, 2025. These facts were not disputed. Documents supporting these facts were offered into evidence. Considering the foregoing, defendants assert that since they were subjected to retaliatory eviction, it provided them with additional reason to withhold their rent. They moved out end of April 2025.
Also offered in evidence and testified to by both parties, is the Decision/Order of Hon. Enedina Pilar Sanchez (Judge, Housing Court), dated August 25, 2025, resolving the HPD OSC filed by defendants against the plaintiffs, wherein she granted money judgment in favor of defendants ("Petitioner", therein) in the amount of $1,000 for a finding of harassment and $2,000 to HPD for the violation of NYC Admin Code §27-2115(m).
This court also has before it, defendants' counterclaims for harassment, mold and retaliatory eviction.
DISCUSSION
From the onset, it appears that the issues of harassment and mold had been previously litigated in the housing court and resolved, wherein that court found in favor of these defendants (who were the Petitioners thereof) against these plaintiffs (Respondents therein) and awarded the sum of $1,000 in favor of these defendants in this case. These defendants also raised and litigated the issue of mold in that housing court matter. Accordingly, the issues of harassment and mold are now res judicata. They may not formed part of this case.
The legal doctrine of res judicata not only bars the re-litigation of any claim that have been previously litigated to a valid judgment, but it also bars any claim that could have been raised in the prior litigation, though not raised. See Li v City of New York, 240 AD3d 832, 239 N.Y.S.3d 588 (2nd Dept 2025).
The issue of Retaliatory eviction is very serious, resulting in the codification of same.
RPL §223-b, prescribes:
No landlord of premises or units to which this section is applicable shall serve a notice to quit upon any tenant or commence any action to recover real property or summary proceeding to recover possession of real property in retaliation for:A good faith complaint, by or in behalf of the tenant, to the landlord, the landlord's agent or a governmental authority of the landlord's alleged violation of any health or safety law, regulation, code, or ordinance, the warranty of habitability under § 235-B (Warranty of habitability), the duty to repair under sections seventy-eight, seventy-nine, and eighty of the multiple dwelling law or Multiple Residence Law § 174 (Repairs and cleanliness), or any law or regulation which has as its objective the regulation of premises used for dwelling purposes or which pertains to the offense of rent gouging in the third, second or first degree; or(RPL §223-b[a]).
However, this law exempts certain premises, as RPL §223-b(6) directs:
This section shall apply to all rental residential premises except owner-occupied dwellings with less than four units. However, its provisions shall not be given effect in any case in which it is established that the condition from which the complaint or action arose was caused by the tenant, a member of the tenant's household, or a guest of the tenant. Nor shall it apply in a case where a tenancy was terminated pursuant to the terms of a lease as a result of a bona fide transfer of ownership(RPL §223-b[6]).
The subject premises is a two-family, owner-occupied residential home. Accordingly, the defense of retaliatory eviction does not apply here. (RPL §223-b[6]). See also Weil v. Kaplan, 168 Misc 2d 68, 643 N.Y.S.2d 312 (District Court, Nassau County, First District 1996); See also [*2]the case of Pezzolanella v Galloway, 132 Misc 2d 429, 503 N.Y.S.2d 990 (City of Utica, Civil Court 1986) (holding that RPL §223-b does not apply where the tenant brought a personal injury action against the landlord and the landlord sought to evict thereafter).
Although, this court agrees with the defendants that the eviction was likely motivated by retaliation, and unpersuaded by plaintiffs' claim that they wanted the space for their mother who "recently migrated" to New York, defendants' counterclaim sounding in Retaliatory Eviction, Harassment and mold must be dismissed for the reasons that ;1) the issue of harassment and mold were litigated and decided in defendants' favor in Housing Court, which issues are now res judicata (meaning it may not be re-litigated in this court or in any other court; 2) the subject premises is exempt from Retaliatory Eviction laws, as set forth hereinabove.
Accordingly, it is
ORDERED, that Plaintiff have judgment in the amount of $10,000 against the defendants, jointly and severally, without interest or cost.
ORDERED, that Defendants' counterclaims are dismissed
This constitutes this Court's Decision/Order.
Date: March 23, 2026
Hon. Chidi A. Eze
Civil Court Judge (NYC)