*246 OPINION OF THE COURT
Simons, J.
Galit Diamond, Inc., the third-party defendant in this action, has asserted a counterclaim against defendant The Merchants Bank of New York seeking to recover damages allegedly sustained when the bank delayed execution of a funds transfer to Galit’s diamond supplier in Israel. The delay occurred when Merchants wrongfully placed a hold on Galit’s bank account. Galit does not claim that it suffered any direct damages, only consequential damages due to the supplier’s subsequent refusal to conduct further business with it because of the delay. Supreme Court considered the bank’s conduct under articles 3 and 4 of the Uniform Commercial Code and found Merchants liable under UCC 4-402. It granted Galit judgment for $531,168. The Appellate Division reversed, holding that the matter was governed solely by UCC article 4-A which regulates funds transfers and that section 4-A-305 (3) does not authorize consequential damages absent an express agreement between the parties. We granted Galit leave to appeal so that we could review the dismissal of its counterclaim.
Before this Court, Galit contends that the Appellate Division erred because it did not acknowledge that the events involved more than just a funds transfer transaction. It maintains that article 4-A does not control this case because the delay in executing the funds transfer was caused by the wrongfully placed hold on Galit’s account and that it was the hold which precipitated the delay in the funds transfer and caused damage. Under these circumstances, Galit contends the provisions of UCC article 4 may be applied and consequential damages awarded. Stated another way, Galit claims that because the bank’s wrongful conduct did, not occur within the scope of a funds transfer, article 4-A does not exclusively govern the parties’ rights even though the ultimate result of the bank’s conduct was a delay in executing the funds transfer (see, Centre Point Merchant Bank v American Express Bank, 913 F Supp 202; see also, Sheerbonnet, Ltd. v American Express Bank, 905 F Supp 127; cf., Donmar Enters. v Southern Natl. Bank, 64 F3d 944).
*247 The underlying events and transactions occurred in 1993 at a Manhattan branch of Merchants. Plaintiff MRF Resources Limited maintained a checking account at that office, as did Galit Diamond, Inc. On May 20, 1993, the bank certified a check drawn by MRF, payable to Galit Diamond, Inc. in the amount of $58,958. Upon receipt of the check, Galit presented it to Merchants for1 payment, and the bank posted the funds to Galit’s account on that same day. Shortly thereafter, MRF’s president informed Merchants that the certified check was forged. As a result, the bank placed a hold on Galit’s account which continued from June 4 through June 8, 1993. Supreme Court found, and Merchants now concedes, that it had no legal basis for doing so.
Meanwhile, on June 1, Galit presented Merchants with a funds transfer application accompanied by a check drawn on its Merchants account in the amount of $30,030. The check was intended to cover a funds transfer for $30,000 and the bank’s fee for that service. The application directed a credit to the Israeli bank account of lian Gertler, the supplier of approximately 60% of Galit’s diamond inventory. Without rejecting the application or informing Galit that a hold had been placed on its account, Merchants held onto the funds transfer application and check. Gertler eventually received the funds, but a week later than expected. Because the late transfer tainted Galit’s creditworthiness, Gertler severed its business relationship with Galit greatly damaging Galit’s ability to conduct its business profitably.
In its counterclaim, Galit alleged that Merchants Bank was liable in damages for "wrongfully] freezing” its account and claimed at trial that Merchants’ handling of the certified check violated various provisions of article 3 of the Uniform Commercial Code giving rise to liability under article 4. It does not dispute that if article 4-A governs the transaction, it is not entitled to consequential damages flowing from a delayed transfer of funds because Merchants, the receiving bank of the payment order, did not agree to be liable for consequential damages (see, UCC 4-A-305 [3]; see generally, UCC 4-A-103). But Galit maintains that article 4-A is not exclusive when the case involves something more than a funds transfer. Specifically, it argues that articles 3 and 4 of the Uniform Commercial Code govern Merchants’ conduct with respect to the certified check and the hold on Galit’s account, and that the bank is liable to Galit for consequential damages pursuant to UCC 4-402. Assuming, without deciding, that article 4-A is not controlling in *248 these circumstances, we address the merits of Galit’s article 4 claim.
Under UCC 4-402, "[a] payor bank is liable to its customer for damages proximately caused by the wrongful dishonor of an item.” Galit contends that since it is a customer of Merchants Bank, UCC 4-402 entitles it to consequential damages arising from the bank’s attempt to decertify the certified check, and the unjustified hold placed on Galit’s account. The claims do not withstand analysis.
Uniform Commercial Code § 4-104 (1) (e) defines a "customer” as "any person having an account with a bank.” Assuming the payee of a check is a customer within the meaning of UCC 4-402 (cf., Quistgaard v EAB European Am. Bank & Trust Co., 182 AD2d 510), UCC 4-402 does not provide a customer with an automatic basis to hold a bank liable simply because it is a customer or because there was a negotiable instrument involved somewhere in the chain of transactions; section 4-402 permits the customer to recover damages when a payor bank wrongfully dishonors an item. Accordingly, to be entitled to damages under that section Galit must establish that Merchants Bank wrongfully dishonored an item, and that the dishonored item was an "instrument for the payment of money” (UCC 4-104 [1] [g]).
The check drawn on MRF’s account was certified by Merchants, and Merchants does not now dispute that Galit was a holder in due course. That check is an instrument within the meaning of UCC articles 3 and 4 (see, UCC 3-102 [1] [e]; 4-104 [1] [g]), and it was finally paid to Galit no later than when Merchants Bank posted it to Galit’s account on May 20, 1993 (see, UCC 3-411, 3-418). Galit contends that the hold placed on its account was an attempt to decertify or dishonor the certified check. But the hold placed on Galit’s account deprived it of access to the account and all of its funds. Merchants did not dishonor nor "decertify” the certified check, and it did not attempt to debit or withdraw from Galit’s account the $58,958. Accordingly, Merchants did not "dishonor” an item within the meaning of UCC 4-402.
Galit’s contention that Merchants is liable under UCC 4-402 because it wrongfully placed a hold on the account also fails. An account is not an instrument or item within the meaning of articles 3 and 4 (see, UCC 3-102 [1] [e]; 4-104 [1] [g]), and a hold placed on an account is not a wrongful dishonor of an item within the meaning of UCC 4-402. Thus, notwithstanding *249 Merchants wrongful conduct, Galit’s chosen course of litigation — that it is entitled to consequential damages under section 4-402 — does not provide a basis for such liability.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine and Ciparick concur.
Order affirmed, with costs.