GOLDEN DOOR V & I, INC., Appellant, v TD BANK et al., Respondents. [999 NYS2d 510]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Bunyan, J.), dated December 12, 2012, which granted the defendants' motion for summary judgment dismissing the complaint and denied its cross motion for summary judgment on the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, Golden Door V & I, Inc. (hereinafter Golden Door), is a jewelry business based in Brooklyn that sells and ships luxury merchandise domestically and abroad. Golden Door maintained a checking account with the defendant TD Bank. In September 2011, an order was placed with Golden Door, purportedly by Feodor Prochorov/JAH Enterprises, Inc., for the purchase of approximately $71,000 worth of luxury watches. In ostensible payment of the order, a wire transfer was made from the account of Massachusetts Housing Investment Corporation (hereinafter MHIC) at the defendant Eastern Bank, to Golden Door's account with TD Bank. When Golden Door was notified that the transfer was complete, it released the merchandise to a person who appeared at Golden Door's place of business in Brooklyn. MHIC, however, had not authorized the transfer; criminals had hacked into its account at Eastern Bank and ordered the transfer. After MHIC notified Eastern Bank that it had not authorized the transfer to Golden Door, Eastern credited MHIC's account with the funds that had been debited, and TD Bank consented to reverse the transfer that had been made into Golden Door's account.

Golden Door commenced this action against Eastern Bank and TD Bank (hereinafter together the defendants) seeking recovery of the funds that had been debited from its account, as

well as punitive damages. Golden Door asserted causes of action for violation of UCC articles 4 and 4-A and various causes of action under the common law, including conversion and breach of contract. After discovery, the defendants moved for summary judgment dismissing the complaint. They argued, inter alia, that UCC 4-A-211 authorized the cancellation of the wire transfer and debit of Golden Door's account, and that Golden Door's remaining claims were barred because they sought to impose liability inconsistent with article 4-A of New York's Uniform Commercial Code. Golden Door cross-moved for summary judgment on the complaint. The Supreme Court granted the defendants' motion and denied Golden Door's cross motion. Golden Door appeals.

Electronic funds transfers, commonly known as wire transfers, are governed by article 4-A of the Uniform Commercial Code. In the belief that "existing rules of law did not adequately address the problems presented by these [types of transactions]," article 4-A was drafted with the intention that it set forth "a body of unique principles of law that would address every aspect of the electronic funds transfer process and define the rights and liabilities of all parties involved in such transfers" (*Banque Worms v BankAmerica Intl.*, 77 NY2d 362, 371 [1991]). "In the drafting of Article 4A, a deliberate decision was made to write on a clean slate and to treat a funds transfer as a unique method of payment to be governed by unique rules that address the particular issues raised by this method of payment" (UCC 4-A-102, Comment).

Under article 4-A, a funds transfer is initiated by a "payment order," which is an instruction from the person making the payment (the originator), to a "receiving" or "intermediary" bank to transfer the funds to the bank account of the beneficiary, normally in the "beneficiary's bank" (UCC 4-A-103, 4-A-104). Here, MHIC was indicated as the originator, Eastern Bank was the receiving bank, Golden Door was the beneficiary, and TD Bank was the beneficiary's bank.

Under article 4-A, "a beneficiary's bank accepts a payment order when the bank pays the beneficiary by crediting the beneficiary's account and notifying the beneficiary of the right to withdraw the credit" (*Banque Worms v BankAmerica Intl.*, 77 NY2d at 373; *see* UCC 4-A-209 [2] [a]; 4-A-405 [1] [i]). Once the beneficiary's bank accepts the payment order, a cancellation of the order is not effective unless the beneficiary's bank agrees and, as relevant here, the order was unauthorized in the first place (*see* UCC 4-A-211 [3] [b]; *Banque Worms v BankAmerica Intl.*, 77 NY2d at 373). "If the payment order is cancelled . . .

the beneficiary's bank is entitled to recover from the beneficiary any amount paid to the beneficiary to the extent allowed by the law governing mistake and restitution" (UCC 4-A-211 [3] [b]). Once cancelled, "the acceptance [of the payment order] is nullified and no person has any right or obligation based on the acceptance" (UCC 4-A-211 [5], Comment 4, Case No. 1).

In support of their motion for summary judgment dismissing the complaint, the defendants established prima facie that the cancellation of the payment order was effective. The defendants submitted evidence that TD Bank, the beneficiary's bank, agreed to the cancellation, and that MHIC had not authorized the transfer (*see* UCC 4-A-211 [3] [b], Comment 1). The defendants further established prima facie that TD Bank was authorized to recover payment from Golden Door in the amount of the cancelled transfer in accordance with the "law governing mistake and restitution" (UCC 4-A-211 [3] [b]). The applicable doctrine of restitution is the "discharge for value" rule. Under that rule, " '[a] creditor of another or one having a lien on another's property who has received from a third person any benefit in discharge of the debt or lien, is under no duty to make restitution therefor, although the discharge was given by mistake of the transferor as to his interests or duties, if the transferee made no misrepresentation and did not have notice of the transferor's mistake' " (*Banque Worms v BankAmerica Intl.*, 77 NY2d at 367, quoting Restatement of Restitution § 14 [1]). Although Golden Door had made no misrepresentation, the defendants established that Golden Door had notice that the transfer from MHIC was given by "mistake," or was unauthorized. Specifically, the transfer order indicated that the transferor was MHIC, which was not Golden Door's "customer," was not indebted to Golden Door, and had no apparent relationship with it or its "customer" (*see* UCC 4-A-211, Comment 4, Case Nos. 2-4; *cf. Banque Worms v BankAmerica Intl.*, 77 NY2d at 376). Accordingly, Golden Door could not, under the discharge for value rule, retain the funds that had been transferred into its account. In opposition to the defendants' prima facie showing, Golden Door failed to raise a triable issue of fact.

The defendants were entitled to summary judgment for an additional reason insofar as Golden Door's UCC article 4-A cause of action is asserted against Eastern Bank. UCC 4-A-211 (3) (b) conditions the post-acceptance cancellation of a wire transfer on the consent of the beneficiary's bank, and it provides for only recovery by that bank of amounts paid to the beneficiary under the cancelled payment order. Thus, a beneficiary's claim that amounts were wrongfully debited from its account

under UCC 4-A-211 (3) (b) would properly be asserted against its bank alone, not the originator's bank (*see* UCC 4-A-211 [3]). Here, Eastern Bank was not the beneficiary's bank.

Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing Golden Door's cause of action under the UCC.

The Supreme Court also properly granted those branches of the defendants' motion which were for summary judgment dismissing Golden Door's causes of action grounded on the common law. "[C]ommon law claims arising from electronic funds transfers are precluded when such claims would impose liability inconsistent with the rights and liabilities expressly created by Article 4-A" (*Fischer & Mandell, LLP v Citibank, N.A.*, 632 F3d 793, 797 [2d Cir 2011] [internal quotation marks omitted]; *see* UCC 4-A-102, Comment; *Grain Traders, Inc. v Citibank, N.A.*, 160 F3d 97, 103 [2d Cir 1998]; *MRF Resources v Merchants Bank of N.Y.*, 222 AD2d 355, 356 [1995], *affd* 89 NY2d 244 [1996]). Balkin, J.P., Leventhal, Hall and Hinds-Radix, JJ., concur.