U.S. Bank N.A. v Zaccagnino (2023 NY Slip Op 01208)

U.S. Bank N.A. v Zaccagnino

2023 NY Slip Op 01208

Decided on March 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-00178
2020-06556
 (Index No. 612328/17)

[*1]U.S. Bank National Association, etc., appellant-respondent, 
v
Peter Zaccagnino, respondent-appellant, et al, defendants.

Greenberg Traurig, LLP, New York, NY (Steven Lazar of counsel), for appellant-respondent.
Lieb at Law, P.C., Smithtown, NY (Andrew M. Lieb, Cheryl L. Berger, and Mordy Vanovich of counsel), for respondent-appellant.

DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, (1) the plaintiff appeals from an order of the Supreme Court, Suffolk County (C. Randall Hinrichs, J.), dated November 27, 2019, and (2) the plaintiff appeals, and the defendant Peter Zaccagnino cross-appeals, from an order of the same court (James Hudson, J.) dated July 29, 2020. The order dated November 27, 2019, insofar as appealed from, granted that branch of the motion of the defendant Peter Zaccagnino which was for summary judgment dismissing the complaint insofar as asserted against him. The order dated July 29, 2020, insofar as appealed from, denied that branch of the plaintiff's motion which was for leave to reargue its opposition to that branch of the motion of the defendant Peter Zaccagnino which was for summary judgment dismissing the complaint insofar as asserted against him, and, in effect, upon renewal, adhered to the prior determination in the order dated November 27, 2019, granting that branch of that defendant's motion. The order dated July 29, 2020, insofar as cross-appealed from, denied that branch of the motion of the defendant Peter Zaccagnino which was pursuant to 22 NYCRR 130.1-1 to impose sanctions against the plaintiff.
ORDERED that the appeal from the order dated November 27, 2019, is dismissed, as the portion of that order appealed from was superseded by so much of the order dated July 29, 2020, as was made upon renewal; and it is further,
ORDERED that the appeal from so much of the order dated July 29, 2020, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed; and it is further,
ORDERED that the order dated July 29, 2020, is affirmed insofar as reviewed on the appeal and insofar as cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant Peter Zaccagnino.
On or about August 5, 2011, the defendant Peter Zaccagnino purchased certain real property on East Lakeland Street in Bay Shore (hereinafter the subject property). At the time of the [*2]sale, the subject property was encumbered by a mortgage executed by the nonparty seller, Sefia S. Paduano, that had been assigned to the plaintiff, and which was serviced by Ocwen Loan Servicing, LLC (hereinafter Ocwen). Paduano, Zaccagnino, and Ocwen agreed that the mortgage would be satisfied by a wire transfer in the amount of $96,500 (hereinafter the payoff funds) as long as the payment was made on or before August 26, 2011 (hereinafter the payoff agreement).
The payoff funds were electronically transferred on or about August 5, 2011, to Ocwen's designated bank, Wells Fargo Bank, NA (hereinafter Wells Fargo), per the instructions provided by Ocwen in the payoff agreement. However, Ocwen never received the payoff funds. After an investigation, it was determined that the payoff funds had been transferred to a valid, but incorrect, account number at Wells Fargo. The plaintiff subsequently commenced this action, inter alia, to foreclose the mortgage.
Zaccagnino moved, among other things, for summary judgment dismissing the complaint insofar as asserted against him and pursuant to 22 NYCRR 130.1-1 to impose sanctions against the plaintiff. In support of his motion, Zaccagnino submitted, inter alia, the affidavit of Joseph A. Faria, the attorney who represented Zaccagnino's lender in connection with Zaccagnino's purchase of the subject property. By order dated November 27, 2019, the Supreme Court, among other things, granted that branch of Zaccagnino's motion which was for summary judgment dismissing the complaint insofar as asserted against him, based on the affirmative defense of payment. The court noted that "[i]f an error occurred by crediting the wrong account, . . . the error was either the fault of Wells Fargo's attorney who initiated the wire transfer, or Wells Fargo which processed the wire transfer and credited the wrong account." The court further granted that branch of Zaccagnino's motion which was pursuant to 22 NYCRR 130.1-1 to impose sanctions against the plaintiff to the extent of directing "the plaintiff and/or [its] attorneys [to] show cause . . . as to why sanctions should not be imposed."
Thereafter, the plaintiff made a motion, denominated as one for leave to reargue, but which was, in actuality, one for leave to renew and reargue, inter alia, its opposition to that branch of Zaccagnino's motion which was for summary judgment dismissing the complaint insofar as asserted against him. The plaintiff contended, among other things, that the Supreme Court relied on erroneous factual representations made by Zaccagnino that Wells Fargo was on both sides of the transaction, when in fact TD Bank had been Zaccagnino's lender, and the transfer of the payoff funds had originated from TD Bank. By order dated July 29, 2020, the court denied leave to reargue, and in effect, granted leave to renew, and, upon renewal, adhered to its prior determination granting that branch of Zaccagnino's motion which was for summary judgment dismissing the complaint insofar as asserted against him. The court noted that "as per Ocwen's instructions both . . . [the] loan number ending in 7348 and Ocwen's account number ending 3352 . . . were included" on Faria's wire transfer instruction to TD Bank and "proof of the completed electronic funds transfer to a Wells Fargo account holder, albeit the wrong account holder, established the affirmative defense of payment . . . even assuming TD Bank was Zaccagnino's lender." The court also denied, without a hearing, that branch of Zaccagnino's motion which was pursuant to 22 NYCRR 130.1-1 to impose sanctions against the plaintiff, finding that "counsel's conduct was not so egregious as to rise to the level of frivolous conduct sufficient to warrant the imposition of monetary sanctions and the award of costs." The plaintiff appeals from the orders dated November 27, 2019, and July 29, 2020, and Zaccagnino cross-appeals from the order dated July 29, 2020.
The plaintiff's appeal from so much of the order dated July 29, 2020, as denied that branch of its motion which was for leave to reargue must be dismissed, as no appeal lies from an order denying reargument (see JPMorgan Chase Bank, N.A. v Lee, 186 AD3d 687, 688).
"The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (Solis v Aguilar, 206 AD3d 684, 686; see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). A complaint or cause of action may be dismissed where a party proponent demonstrates, as a matter of law, the defense of payment (see Arnell Constr. Corp. v New York City Sch. Constr. Auth., 186 AD3d 540, 541; [*3]Deutsche Bank Natl. Trust Co. v Luden, 91 AD3d 701, 702; Chu v Green Point Sav. Bank, 216 AD2d 348, 348).
"Electronic funds transfers, commonly known as wire transfers, are governed by article 4-A of the Uniform Commercial Code" (Golden Door V & I, Inc. v TD Bank, 123 AD3d 976, 977; see Banque Worms v BankAmerica Intl., 77 NY2d 362, 371). "Under article 4-A, a funds transfer is initiated by a 'payment order,' which is an instruction from the person making the payment (the originator), to a 'receiving' or 'intermediary' bank to transfer the funds to the bank account of the beneficiary, normally in the 'beneficiary's bank'" (Golden Door V & I, Inc. v TD Bank, 123 AD3d at 977, quoting UCC 4-A-103, 4-A-104).
Here, Faria was the originator, TD Bank was the receiving (also known as the originator's) bank, Ocwen was the beneficiary, and Wells Fargo was the beneficiary's bank. Notably, "the originator of a funds transfer pays the beneficiary of the originator's payment order (i) at the time a payment order for the benefit of the beneficiary is accepted by the beneficiary's bank in the funds transfer and (ii) in an amount equal to the amount of the order accepted by the beneficiary's bank" (UCC 4-A-406[1]; cf. Palestine Monetary Auth. v Strachman, 62 AD3d 213, 225-230). Furthermore, subject to certain exceptions not relevant here, such payment discharges an "obligation . . . to the same extent discharge would result from payment to the beneficiary of the same amount in money" (UCC 4-A-406[2]).
It is undisputed that the payoff funds were transferred to a bank account at Ocwen's bank, Wells Fargo, even though the funds ended up in the wrong account, and the parties dispute who is at fault for the error. Faria initiated the transfer of the payoff funds via a payment order originating at TD Bank. The fact that Faria may have been acting at the behest of TD Bank, and not Wells Fargo, did not create a triable issue of fact relevant to Zaccagnino's defense of payment (see UCC 4-A-406[1], [2]). Therefore, the Supreme Court, in effect, upon renewal, correctly adhered to its determination in the order dated November 27, 2019, granting that branch of Zaccagnino's motion which was for summary judgment dismissing the complaint insofar as asserted against him.
The Supreme Court properly denied, without a hearing, that branch of Zaccagnino's motion which was pursuant to 22 NYCRR 130-1.1 to impose sanctions. "An award of costs or the imposition of sanctions may be made either upon motion in compliance with CPLR 2214 or 2215 or upon the court's own initiative, after a reasonable opportunity to be heard" (22 NYCRR 130-1.1[d]). Therefore, neither party has a right to a hearing but only a reasonable opportunity to be heard (see Tso-Horiuchi v Horiuchi, 122 AD3d 918, 918). Here, the challenged conduct did not constitute frivolous conduct. Moreover, Zaccagnino's written motion, inter alia, to impose sanctions against the plaintiff was determined on notice and in compliance with CPLR 2214, and the court acted within its discretion in determining the merits on the papers, as it has inherent authority to control its calendar (see generally Tirado v Miller, 75 AD3d 153, 161; Schreiber-Cross v State of New York, 57 AD3d 881, 885).
The plaintiff's remaining contentions are either without merit or not properly before this Court.
Accordingly, we affirm the order dated July 29, 2020, insofar as reviewed on the appeal, and insofar as cross-appealed from.
BARROS, J.P., RIVERA, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court