Goshen Mtge., LLC v Rokowetz (2023 NY Slip Op 05492)

Goshen Mtge., LLC v Rokowetz

2023 NY Slip Op 05492

Decided on November 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
CHERYL E. CHAMBERS
JANICE A. TAYLOR, JJ.

2022-00054
 (Index No. 601282/16)

[*1]Goshen Mortgage, LLC, etc., appellant, 
v
William J. Rokowetz, respondent, et al., defendants.

Kosterich & Skeete, LLC, White Plains, NY (Rajdai D. Singh and Denise Singh Skeete of counsel), for appellant.
Campanelli & Associates, P.C., Merrick, NY (Andrew J. Campanelli and Law Offices of David A. Antwork, P.C., of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated November 29, 2021. The order denied the plaintiff's motion for leave to reargue and renew its opposition to the motion of the defendant William J. Rokowetz, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him, which had been granted in an order of the same court (Peter H. Mayer, J.) dated July 25, 2018.
ORDERED that the appeal from so much of the order dated November 29, 2021, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed; and it is further,
ORDERED that the order dated November 29, 2021, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the respondent.
The plaintiff commenced this action to foreclose a mortgage against the defendant William J. Rokowetz (hereinafter the defendant), among others. The defendant moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him on the ground that the action was time-barred. In an order dated July 25, 2018, the Supreme Court granted the motion. The plaintiff moved for leave to reargue and renew its opposition to the defendant's motion. In an order dated November 29, 2021, the court denied the plaintiff's motion for leave to reargue and renew. The plaintiff appeals from the order dated November 29, 2021.
The appeal from so much of the order dated November 29, 2021, as denied that branch of the plaintiff's motion which was for leave to reargue must be dismissed, as no appeal lies from an order denying reargument (see U.S. Bank N.A. v Zaccagnino, 214 AD3d 754, 756-757).
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change [*2]in the law that would change the prior determination" (CPLR 2221[e][2]). A motion for leave to renew must also "contain reasonable justification for the failure to present such facts on the prior motion" (id. § 2221[e][3]). The Supreme Court has no discretion to grant renewal where the moving party omits a reasonable justification for the failure to present the new facts on the original motion (see Caronia v Peluso, 170 AD3d 649, 650-651; Matter of Serviss v Incorporated Vil. of Floral Park, 164 AD3d 512, 513; Deutsche Bank Trust Co. v Ghaness, 100 AD3d 585, 586).
Here, the plaintiff failed to identify a change in the law that would change the prior determination, or to provide a reasonable justification for its failure to present the alleged new facts in opposition to the defendant's motion, inter alia, to dismiss the complaint insofar as asserted against him. Accordingly, in the order dated November 29, 2021, the Supreme Court properly denied that branch of the plaintiff's motion which was for leave to renew.
To the extent that the plaintiff contends that the order dated July 25, 2018, should be "reversed," this contention is not properly before this Court on this appeal from the order dated November 29, 2021.
LASALLE, P.J., CONNOLLY, CHAMBERS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court