Levitz v New York Community Bancorp, Inc. (2023 NY Slip Op 06732)

Levitz v New York Community Bancorp, Inc.

2023 NY Slip Op 06732

Decided on December 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2019-11043
2019-12767
 (Index No. 63691/17)

[*1]Andrew Levitz, etc., respondent, 
v
New York Community Bancorp, Inc., etc., appellant.

Murphy & McGonigle, P.C., New York, NY (Michael V. Rella and Leonard J. Amoruso of counsel), for appellant.
Glen Kurtis (Edelstein & Grossman, New York, NY [Jonathan I. Edelstein], of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence and breach of contract, the defendant appeals from (1) an order of the Supreme Court, Westchester County (John P. Colangelo, J.), dated August 14, 2019, and (2) a judgment of the same court entered October 31, 2019. The order, insofar as appealed from, granted those branches of the motion of Howard Levitz which were for summary judgment on the complaint and dismissing the defendant's fifth, seventh, eighth, and thirteenth affirmative defenses. The judgment, upon the order, is in favor of Howard Levitz and against the defendant in the principal sum of $84,700.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
On July 28, 2016, a wire transfer in the sum of $84,700 was made from an account of the plaintiff's decedent, Howard Levitz (hereinafter the decedent), at the defendant, New York Community Bancorp, Inc., doing business as New York Commercial Bank, to a bank in Japan after the defendant received a fraudulent email requesting the wire transfer. The decedent commenced this action, alleging that the defendant failed to ensure that he authorized the wire transfer and seeking to recover the amount of the transfer. The defendant interposed an answer asserting various affirmative defenses. The defendant's fifth, seventh, eighth, and thirteenth affirmative defenses alleged, respectively, that the complaint failed to state a cause of action pursuant to article 4-A of the UCC, that the payment order was authorized by the decedent, that the defendant acted in accordance with a commercially reasonable security procedure, and that the decedent did not sustain [*2]any damages as a result of the defendant's alleged conduct.
In March 2019, the decedent moved, inter alia, for summary judgment on the complaint and dismissing the defendant's fifth, seventh, eighth, and thirteenth affirmative defenses. In an order dated August 14, 2019, the Supreme Court, among other things, granted those branches of the decedent's motion. The court subsequently entered a judgment in favor of the decedent and against the defendant in the principal sum of $84,700. The defendant appeals. During the pendency of the appeal, the decedent died, and the plaintiff, as the administrator of his estate, was substituted for him.
"Electronic funds transfers, commonly known as wire transfers, are governed by article 4-A of the Uniform Commercial Code" (Golden Door V & I, Inc. v TD Bank, 123 AD3d 976, 977; see U.S. Bank N.A. v Zaccagnino, 214 AD3d 754, 757). Under article 4-A, a funds transfer is initiated by a "payment order," which is an instruction from the person making the payment (the sender or originator), to a "receiving" or "intermediary" bank to transfer the funds to the bank account of the beneficiary, normally in the "beneficiary's bank" (UCC 4-A-103; 4-A-104; see Golden Door V & I, Inc. v TD Bank, 123 AD3d at 977). Here, the decedent was indicated as the sender or originator, and the defendant was the receiving bank.
"A payment order received by the receiving bank is the authorized order of the person identified as sender if that person authorized the order or is otherwise bound by it under the law of agency" (UCC 4-A-202[1]). "If a bank and its customer have agreed that the authenticity of payment orders issued to the bank in the name of the customer as sender will be verified pursuant to a security procedure, a payment order received by the receiving bank is effective as the order of the customer, whether or not authorized, if (a) the security procedure is a commercially reasonable method of providing security against unauthorized payment orders, and (b) the bank proves that it accepted the payment order in good faith and in compliance with the security procedure" (id. § 4-A-202[2]). If a receiving bank accepts a payment order which is "not authorized and not effective as the order of the customer under Section 4-A-202, . . . the bank shall refund any payment of the payment order received from the customer to the extent the bank is not entitled to enforce payment" (id. § 4-A-204[1]). "UCC 4-A-204 establishes a bank's basic obligation to make good on unauthorized and ineffective transfers and, with one exception [not at issue here], forbids any variation of that obligation by agreement" (Regatos v North Fork Bank, 5 NY3d 395, 401 [footnote omitted]; see UCC 4-A-204[2]).
The decedent established, prima facie, that he was entitled to a refund of the transfer made out of his account by demonstrating that the payment order was neither authorized nor effective under UCC 4-A-202 (see id. § 4-A-202[1], [2]; McKinney's Cons Law of NY, UCC 4-A-203, Official Comment 2, 3; UCC 4-A-204). In opposition, the defendant failed to raise a triable issue of fact as to whether the payment order received by it was the authorized order of the decedent (see UCC 4-A-202[1]), or whether the payment order was effective as the order of the decedent as a result of its compliance with the security procedure set forth in its agreement with the decedent (see id. § 4-A-202[2]).
The defendant's remaining contentions are without merit.
Accordingly, the Supreme Court properly granted those branches of the decedent's motion which were for summary judgment on the complaint and dismissing the defendant's fifth, seventh, eighth, and thirteenth affirmative defenses.
DILLON, J.P., MILLER, WOOTEN and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court