Crystal v American Tr. Ins. Co. (2024 NY Slip Op 04456)

Crystal v American Tr. Ins. Co.

2024 NY Slip Op 04456

Decided on September 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2023-04398
 (Index No. 512885/20)

[*1]Alan M. Crystal, appellant, 
v
American Transit Insurance Company, et al., defendants, Baker McEvoy & Moskovits, P.C., etc., respondent.

Craig K. Tyson, New York, NY, for appellant.
The Rizzuto Law Firm, Uniondale, NY (Philip J. Rizzuto and Kristin N. Reed of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated March 9, 2023. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for leave to renew his prior motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant Baker McEvoy & Moskovits, P.C., and pursuant to CPLR 308(5) to direct an alternative method for service of process, which had been denied in an order of the same court dated November 17, 2022.
ORDERED that the order dated March 9, 2023, is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against Baker McEvoy & Moskovits, P.C. (hereinafter Baker), among others, to recover damages for breach of contract. Baker moved, inter alia, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against it. The plaintiff moved pursuant to CPLR 306-b for leave to extend the time to serve the summons and complaint upon Baker and pursuant to CPLR 308(5) to direct an alternative method for service of process. In an order dated November 17, 2022, the Supreme Court, among other things, denied the plaintiff's motion.
The plaintiff moved, inter alia, for leave to renew his prior motion. In an order dated March 9, 2023, the Supreme Court, among other things, denied that branch of his motion. The plaintiff appeals.
A motion for leave to renew not based on a change in the law "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]). A motion for leave to renew must also "contain reasonable justification for the failure to present such facts on the prior motion" (id. § 2221[e][3]). "The Supreme Court has no discretion to grant renewal where the moving party omits a reasonable justification for the failure to present the new facts on the original motion" (Goshen Mtge., LLC v Rokowetz, 221 AD3d 588, 589; see Matter of Serviss v Incorporated Vil. of Floral Park, 164 AD3d 512, 513).
Here, the plaintiff did not provide a reasonable justification for his failure to present the alleged new facts in support of his prior motion. Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for leave to renew.
DILLON, J.P., MILLER, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court