MTGLQ Invs., L.P. v Rodgers (2025 NY Slip Op 03805)

MTGLQ Invs., L.P. v Rodgers

2025 NY Slip Op 03805

Decided on June 25, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2023-09552
 (Index No. 701167/18)

[*1]MTGLQ Investors, L.P., appellant, 
v
Charles Rodgers, Jr., respondent, et al., defendants.

Friedman Vartolo LLP, New York, NY (Ronald P. Labeck of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert I. Caloras, J.), entered March 21, 2023. The order, insofar as appealed from, (1) denied that branch of the plaintiff's motion which was for leave to reargue its prior motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Charles Rodgers, Jr., to strike that defendant's answer, and for an order of reference, and its opposition to those branches of that defendant's prior cross-motion which were for summary judgment dismissing the complaint insofar as asserted against him as time-barred and on his counterclaims, which were determined in an order of the same court entered June 16, 2022, and (2), upon renewal, adhered to the determination in the order entered June 16, 2022, denying the plaintiff's prior motion and granting those branches of that defendant's prior cross-motion.
ORDERED that so much of the appeal from the order entered March 21, 2023, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, without costs or disbursements; and it is further,
ORDERED that the order entered March 21, 2023, is affirmed insofar as reviewed, without costs or disbursements.
The facts of this case are more fully set forth in this Court's decision and order on a related appeal (see MTGLQ Invs., L.P. v Rodgers, _____ AD3d _____ [Appellate Division Docket No. 2022-07139; decided herewith]).
The appeal from so much of the order entered March 21, 2023, as denied that branch of the plaintiff's motion which was for leave to reargue must be dismissed, as no appeal lies from an order denying reargument (see Goshen Mtge., LLC v Rokowetz, 221 AD3d 588, 588).
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination" (CPLR 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (id. § 2221[e][3]).
Here, the plaintiff failed to offer new facts or demonstrate a change in the law that would change the Supreme Court's prior determination. Accordingly, upon renewal, the court properly adhered to its prior determination (see id. § 203[h]; Green Tree Servicing, LLC v Weiss, 222 [*2]AD3d 626, 628; U.S. Bank N.A. v Singer, 192 AD3d 1182, 1187).
DILLON, J.P., DOWLING, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court