Brown v Hancock Realty II, Inc.

2026 NY Slip Op 03138

May 20, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Devon Anthony Brown, appellant,

v

Hancock Realty II, Inc., respondent, et al., defendant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 20, 2026

2024-10694, (Index No. 21457/13)

Colleen D. Duffy, J.P.

Phillip Hom

Susan Quirk

Elena Goldberg Velazquez, JJ.

Steve Okenwa, P.C., Brooklyn, NY, for appellant.

[*1]

DECISION & ORDER

In an action pursuant to RPAPL article 15 to quiet title to real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Joy F. Campanelli, J.), dated July 24, 2024. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were, in effect, for leave to renew that branch of his prior motion which was pursuant to CPLR 3215 for leave to enter a default judgment against the defendant Hancock Realty II, Inc., which had been denied in an order of the same court (Paul Wooten, J.) dated May 11, 2017, and pursuant to 22 NYCRR 202.27(a) for leave to enter a default judgment against that defendant.

ORDERED that the order dated July 24, 2024, is affirmed insofar as appealed from, without costs or disbursements.

In December 2013, the plaintiff commenced this action against the defendants, Hancock Realty II, Inc. (hereinafter Hancock), and Anthony Corbin, pursuant to RPAPL article 15 to quiet title to certain real property located in Brooklyn. The plaintiff alleged that Corbin conveyed the property to the plaintiff by deed dated December 19, 2007. According to the plaintiff, that deed was not recorded. The plaintiff alleged that thereafter, Corbin, despite having conveyed the property to the plaintiff, purported to convey the property to Hancock by deed dated September 16, 2013. The plaintiff alleged that the fraudulent deed purporting to convey the property to Hancock was recorded on October 1, 2013.

In November 2016, the plaintiff moved, inter alia, pursuant to CPLR 3215 for leave to enter a default judgment against Hancock based upon its failure to timely answer or appear in the action. Hancock cross-moved, among other things, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against it for lack of personal jurisdiction. In an order dated May 11, 2017, the Supreme Court, inter alia, denied that branch of the plaintiff's motion which was pursuant to CPLR 3215 for leave to enter a default judgment against Hancock.

Subsequently, the plaintiff moved, among other things, in effect, for leave to renew that branch of his prior motion which was pursuant to CPLR 3215 for leave to enter a default judgment against Hancock and pursuant to 22 NYCRR 202.27(a) for leave to enter a default judgment against Hancock based upon its failure to appear at a status conference and at a hearing to determine the validity of service of process upon it. In an order dated July 24, 2024, the Supreme Court, inter alia, denied those branches of the plaintiff's motion. The plaintiff appeals.

A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (id. § 2221[e][3]; see Goshen Mtge., LLC v Rokowetz, 221 AD3d 588, 589). Here, the Supreme Court properly denied that branch of the plaintiff's motion which was, in effect, for leave to renew that branch of his prior motion which was pursuant to CPLR 3215 for leave to enter a default judgment against Hancock, as the newly submitted evidence would not have changed the prior determination (see Weaver v Hatem, 241 AD3d 1391, 1392; Sutton v Syla, 223 AD3d 764, 767).

The Supreme Court also providently exercised its discretion in denying that branch of the plaintiff's motion which was pursuant to 22 NYCRR 202.27(a) for leave to enter a default judgment against Hancock based on its alleged failure to appear at a status conference and a hearing to determine the validity of service of process upon it (see John T. Walsh Enters., LLC v Grace Christian Church, 235 AD3d 856, 857; Chrostowski v Chow, 37 AD3d 638, 639).

In light of our determination, the plaintiff's remaining contentions need not be reached.

DUFFY, J.P., HOM, QUIRK and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court